# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 13, 2025

```
* * * * * * * * * * * * * *        *
ROBERT JURANEK,                    *
                                   *
              Petitioner,          *        No. 19-226V
                                   *
v.                                 *        Special Master Dorsey
                                   *
SECRETARY OF HEALTH                *        Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
                                   *
* * * * * * * * * * * * * *        *
```

Edward Kraus, Kraus Law Group, LLC, Chicago, IL, for Petitioner.
Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 8, 2019, Robert Juranek ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging an influenza ("flu") vaccine administered on October 7, 2016 significantly aggravated his stable and asymptomatic multiple sclerosis ("MS"). Petition at Preamble (ECF No. 1).

On September 15, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on his case. Petitioner's

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed Sept. 15, 2024 (ECF No. 128). Petitioner's request can be summarized as follows:

**Fees** – $146,930.10
**Costs** – $44,677.75

Petitioner thus requests a total of $191,607.85. Respondent filed a response on September 24, 2024, stating that "[R]espondent defers to the special master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Sept. 24, 2024, at 2 (ECF No. 129). Petitioner filed a reply on September 27, 2024, maintaining his request for fees and costs and arguing in support of Dr. Lawerence Steinman's hourly rate. Pet. Reply to Resp. Response, filed Sept. 27, 2024 (ECF No. 130).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $191,148.85 in attorneys' fees and costs.

I.    **DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant fees to be paid.

A.    **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries."  Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016).

Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Saxton, 3 F.3d at 1522.

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

## 1.     Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Edward Kraus – Attorney**
        2017: $398.00
        2018: $409.00
        2019: $418.00
        2020: $435.00
        2021: $458.00
        2022: $472.00
        2023: $497.00
        2024: $525.00

**Amy Kraus – Attorney**
        2017: $318.00

    2018: $327.00
    2019: $334.00
    2020: $365.00
    2021: $384.00
    2022: $414.00
    2024: $460.00

**Bryanna Gang – Attorney**
    2020: $300.00
    2021: $325.00
    2024: $412.00

**Paralegals**
    2017: $125.00
    2018: $145.00
    2019: $145.00 and $170.00
    2020: $160.00
    2021: $170.00
    2022: $160.00 and $170.00
    2023: $165.00 and $177.00
    2024: $175.00 and $186.00

The undersigned finds the requested rates are generally reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Van Dycke v. Sec'y of Health & Hum. Servs., No. 18-106V, 2024 WL 1617307, at *2 (Fed. Cl. Spec. Mstr. Feb. 1, 2024) (awarding 2017-2023 rates for Mr. Kraus, 2017-2020 and 2022 rates for Ms. Kraus, and 2021 and 2023 rates for Ms. Gang); Myers ex. rel. A.C. v. Sec'y of Health & Hum. Servs., No. 21-1205V, 2024 WL 5297986, at *3 (Fed. Cl. Mstr. Dec. 5, 2024) (awarding attorney and paralegal rates for 2019-2024); Musselman v. Sec'y of Health & Hum. Servs., No. 22-1149V, 2024 WL 4969291, at *2 (Fed. Cl. Spec. Mstr. Oct. 30, 2024) (awarding attorney and paralegal rates for 2020-2024). The undersigned will therefore award the requested rates.

## 2.    Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable. However, the undersigned finds a small reduction necessary.

There are several billing entries for administrative tasks, including filing documents and downloading documents. Ms. Kraus, Ms. Westphal, and Ms. Amanda Ramos billed $408.00 for e-filing documents.[3] Additionally, some of these billing entries contained block billing, making it impossible to discern how much time was spent on noncompensable tasks. For example, on July 29, 2021, Ms. Westphal billed $51.00 for an entry that included downloading files.

It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Additionally, "[i]t is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)). As such, the undersigned will reduce Petitioner's fees request by $459.00. Petitioner is therefore awarded a total of $146,471.10[4] in attorneys' fees.

### B.    Attorneys' Costs

Petitioner requests $44,677.75 for expenses incurred including miscellaneous costs, such as obtaining medical records, mailing costs, the hearing transcript, and the filing fee, as well as $41,800.00 for work performed by Dr. Steinman. Dr. Steinman billed 76 hours at a rate of $550.00 per hour. This rate is consistent with what Dr. Steinman has been awarded previously. See, e.g., Mullins v. Sec'y of Health & Hum. Servs., No. 19-320V, 2023 WL 3051237 (Fed. Cl. Spec. Mstr. Apr. 24, 2023) (awarding Dr. Steinman a rate of $550.00 per hour); Anderson v. Sec'y of Health & Hum. Servs., No. 14-879V, 2020 WL 3495950 (Fed. Cl. Spec. Mstr. May 22, 2020) (same). Additionally, Dr. Steinman produced three expert reports and testified at the entitlement hearing. The undersigned finds Dr. Steinman's rate and billing reasonable and will award his fee in full. The undersigned finds the remaining expenses reasonable and supported with appropriate documentation, and thus, will award them in full.

---

[3] See entries dated March 29, 2021 (billing $51.00 to "file expert report"), September 30, 2021 (billing $323.00 to "Format and submit 23 new medical literature exhibits to electronic filing system, draft Exhibit List updated"), and May 5, 2022 (billing $34.00 for e-filing a notice of change of attorney contact information).

[4] $146,930.10 - $459.00 = $146,471.10.

## II.     CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his attorneys as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $146,930.10 |
| Reduction of Attorneys' Fees: | - $459.00 |
| Awarded Attorneys' Fees: | $146,471.10 |
| | |
| Requested Attorneys' Costs: | $44,677.75 |
| Reduction of Attorneys' Costs: | - $0.00 |
| Awarded Attorneys' Costs: | $44,677.75 |

**Total Interim Attorneys' Fees and Costs:          $191,148.85**

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $191,148.85, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.